IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RUTH RICHTER, | ) | 8:19CV340 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION | ) | |
| and ANDREW M. SAUL, Commissioner, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Ruth Richter, who appears pro se, filed her complaint and a motion for leave to proceed in forma pauperis ("IFP") on August 5, 2019 (Filings 1, 2). The court will grant Plaintiff's IFP motion, and, pursuant to 28 U.S.C. § 1915(e)(2), will conduct an initial review of the complaint to determine whether summary dismissal is appropriate.

I. SUMMARY OF COMPLAINT

"Plaintiff seeks an immediate injunction against Defendant," Social Security Administration ("SSA"),[1] alleging:

> Defendant has and continues to violate Plaintiff's constitutional right to due process in the matter of Plaintiff's SSI payments which Defendant is in part withholding in order to pay itself back on a charge against Plaintiff of "overpayment." The alleged "overpayment" matter has not been heard in a conference or hearing. This is the second time Defendant has withheld a portion of Plaintiff's SSI on an "overpayment" charge without being heard first. First time was in 2016 into 2017. Now dates are 2018 into 2019. It should be noted this time Plaintiff filed a timely appeal with the Appeals Council—and with appeal ongoing the Defendant is once again wrongly withholding partial SSI monthly payment to me. In 2017 an ALJ in her fully favorable decision to Plaintiff determined it was wrong to have withheld from my SSI payments while appeal was in progress (SI 02260.001A.4) by the

---

[1] The clerk of the court docketed this case as an appeal filed pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and added the Commissioner as a defendant.

Administration. Plaintiff did get those withholdings back in 2017 but like now Plaintiff's payments should not have been withheld while case was still open.

(Filing 1) In a supplemental filing, Plaintiff requests "a court order to restore Plaintiff's full amount SSI benefits immediately and to immediately be paid for the SSI benefits she was denied by Defendant." (Filing 6)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

As part of its initial review, this court also has an independent obligation to determine whether subject matter jurisdiction exists. *See Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); Fed. R. Civ. P.

12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

III. DISCUSSION

Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, provides for the payment of monthly benefits to indigent persons under the supplemental security income ("SSI") program. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). "The basic purpose underlying the supplemental security income program is to assure a minimum level of income for people who are age 65 or over, or who are blind or disabled and who do not have sufficient income and resources to maintain a standard of living at the established Federal minimum income level." 20 C.F.R. § 416.110.

*A. Applicable Statutes and Regulations*

If an SSI beneficiary has been overpaid, the SSA can recoup the overpayment by reducing the amount of future benefit payments. *See* 42 U.S.C. § 1383(b)(1)(A) ("Whenever the Commissioner of Social Security finds that more ... than the correct amount of benefits has been paid with respect to any individual, proper adjustment or recovery shall ... be made by appropriate adjustments in future payments to such individual or by recovery from such individual ...."); 20 C.F.R. § 416.570(a) ("When a recipient has been overpaid, the overpayment has not been refunded, and waiver of adjustment or recovery is not applicable, any payment due the overpaid recipient ... is adjusted for recovery of the overpayment. Adjustment will generally be accomplished by withholding each month the amount set forth in § 416.571 from the benefit payable to the individual ...."). "Any adjustment or recovery of an overpayment for an individual in current payment status is limited in amount in any month to the lesser of (1) the amount of the individual's benefit payment for that month or (2) an amount equal to 10 percent of the individual's total income (countable income plus SSI and State supplementary payments) for that month." 20 C.F.R. § 416.571; *see* 42 U.S.C. § 1383(b)(1)(B).

Before the SSA can initiate the recoupment process, it must notify the overpaid recipient of its intent to adjust the payments and of his or her right to request a waiver of the proposed adjustment. *See* 20 C.F.R. § 416.558(a) ("Whenever a determination concerning

the amount paid and payable for any period is made and it is found that, with respect to any month in the period, more ... than the correct amount was paid, written notice of the correct and incorrect amounts for each such month in the period will be sent to the individual against whom adjustment or recovery of the overpayment ... may be effected .... When notifying an individual of a determination of overpayment, the Social Security Administration will, in the notice, also advise the individual that adjustment or recovery is required, as set forth in § 416.571, ... and of his or her right to request waiver of adjustment or recovery of the overpayment under the provisions of § 416.550."). The written notice should also inform the individual of his or her right to request a reconsideration of the overpayment determination itself. *See* SSA Programs Operations Manual System ("POMS") § 02201.025A.[2] The notice is to be sent at least 60 days before the adjustment will begin. *Id.*

Waiver of adjustment or recovery of an overpayment of SSI benefits may be granted under certain circumstances when the overpaid individual was without fault in connection with the overpayment. *See* 20 C.F.R. § 416.550; 42 U.S.C. § 1383(b)(1)(B). A request for waiver may be submitted at any time, including after the overpayment has been completely recovered. *See* POMS, §§ SI 02201.005H.3, SI 02220.001A.4.b.

A request for reconsideration of the initial overpayment determination must be submitted within 60 days of the individual receiving the notice of overpayment, absent a showing of good cause for a delayed filing. *See* 20 C.F.R. § 416.1409. An SSI beneficiary may request both a reconsideration of the overpayment determination and a waiver of overpayment collection. *See* POMS, § SI 02201.025A.

A request for reconsideration is the first step in the standard process for appealing an SSA determination. *See* 20 C.F.R. §§ 416.1400, 416.1407. If the beneficiary is dissatisfied

---

[2] POMS sets forth the SSA's official policies and procedures for carrying out its responsibilities under the Social Security Act. While these policies and procedures do not have the force of law and are not binding on the agency, *Berger v. Apfel*, 200 F.3d 1157, 1161 (8th Cir. 2000), "the POMS are entitled to respect as publicly available operating instructions for processing Social Security claims." *Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 951 (8th Cir. 2004). "As an interpretation of a regulation promulgated by the Commissioner, the POMS control unless they are inconsistent with the regulation or plainly erroneous." *Rodysill v. Colvin*, 745 F.3d 947, 950 (8th Cir. 2014).

with the reconsidered determination, he or she can request a hearing before an administrative law judge ("ALJ"). *See* 20 C.F.R. § 416.1429. If the beneficiary is dissatisfied with the ALJ's decision, he or she can request a review by the Appeals Council. *See* 20 C.F.R. § 416.1467. If the Appeals Council denies review or issues its own adverse decision, the beneficiary can then file an action in federal district court. *See* 20 C.F.R. § 416.1481. Only upon the completion of the full administrative review process is there a "final decision of the Commissioner" that triggers the right to judicial review under 42 U.S.C. §§ 405(g). 42 U.S.C. § 1383(c); 20 C.F.R. § 416.1400(a)(5).

If a request for reconsideration of the facts of an overpayment (i.e., the overpayment amount, the period of time involved, and the reason for the overpayment) or a request for a waiver is made within 30 days of the notice of overpayment, it is the SSA's policy that recovery of the overpayment through a reduction in SSI benefits will begin "only after the determination is made on the request." POMS, § SI 02220.001A.2. It is also the SSA's policy that if a request for reconsideration is filed more than 30 days, but less than 60 days, from the overpayment notice date, any recovery efforts will be halted and, effective the month of the request, any payments that were withheld to recover the overpayment will be refunded. *See* POMS § SI 02220.017A.1.a. The adjustment of benefits will resume only when the reconsideration determination affirms the facts of the overpayment. *Id*. Similarly, if a request for reconsideration of a waiver denial is filed within 60 days of the denial notice, recovery of the overpayment will not resume unless and until the reconsideration determination affirms the denial. *See* POMS § SI 02220.017A.2. In either case, the overpayment recovery will not be stopped if the individual pursues further levels of appeal, such as requesting a hearing before an ALJ, or a review of the ALJ's decision by the Appeals Council. *See* POMS § SI 02220.017A.1.c.

An SSI beneficiary requesting reconsideration of an overpayment determination will be given the opportunity to review the agency's files and to present oral and written evidence at a "case review" before an SSA official, but may also present witnesses at an "informal conference" or subpoena documents and adverse witnesses for examination at a "formal conference." *See* 20 C.F.R. § 416.1413.

If a request for a waiver of an overpayment adjustment is not immediately granted, the SSA will schedule a "personal conference" for the individual to present his or her case

for the waiver. *See* POMS, § SI 02260.006 (citing *Page v. Schweiker*, 571 F.Supp. 872 (M.D. Pa. 1983) (holding that individual requesting waiver of SSI overpayment is entitled to prerecoupment hearing).[3] The SSA does not make its initial determination on the waiver request until after the personal conference. *See id.* Notice of an initial determination on waiver will be given in the same manner as initial determinations to suspend, reduce, or terminate benefits, and will inform the individual of his or her right to a reconsideration before the determination takes effect. *See* 20 C.F.R. §§ 416.558(b), 416.1336, 416.1404.

"Initial determinations" are subject to administrative and judicial review. 20 C.F.R. § 416.1402. In contrast, administrative actions that are not "initial determinations" may be reviewed by the SSA, but are not subject to administrative or judicial review. 20 C.F.R. § 416.1403(a).

A determination about "[w]hether an overpayment of benefits must be repaid" is an initial determination. 20 C.F.R. § 416.1402(c); *see also* POMS, § SI 04010.010B ("Examples of initial determinations include, but are not limited to, determinations about ... the fact, amount, and cause of an overpayment" and "whether an overpayment of benefits must be repaid ...."). However, a determination about *how* an overpayment of benefits will be repaid is not an initial determination. Although not listed in § 416.1403(a) among the examples of actions that are not initial determinations, a decision to withhold amounts from future benefit payments in recovery of an overpayment clearly fits into this category and is not subject to administrative or judicial review. *See* POMS, § SI 04010.010C ("Administrative actions that are not initial determinations ... include, but are not limited to ... [the] method of recovering an overpayment; e.g., by withholding part of a regular monthly payment, netting against an

---

[3] The district court in *Page* followed the reasoning of the Supreme Court's decision in *Califano v. Yamasaki*, 442 U.S. 682 (1979), which held that individuals receiving old age, survivors, and disability insurance ("OASDI") benefits who filed written requests for waiver of recoupment were entitled to the opportunity for a prerecoupment oral hearing because the HEW Secretary was required to assess the absence of "fault" and determine whether or not recoupment of the overpayment would be "against equity and good conscience," 42 U.S.C. 404(b), but that beneficiaries who merely requested reconsideration of recoupment were not entitled to such an opportunity because these requests "involve relatively straightforward matters of computation for which written review is ordinarily an adequate means to correct prior mistakes." *Califano*, 442 U.S. at 696.

underpayment, etc...."). *Cf.* 20 C.F.R. § 404.903(e) ("Administrative actions that are not initial determinations ... include, but are not limited to ... [w]ithholding less than the full amount of your monthly [OASDI] benefit to recover an overpayment ...."); *Cooper v. Saul*, No. 2:18CV00534, 2019 WL 4024790, at *3 (E.D. Va. July 16, 2019) ("Cooper is not contesting the fact that he owes restitution for overpayment, but instead is only contesting the amount being withheld to collect the overpayment. The *amount* that the Agency chooses to withhold to recover overpayment is not listed as an 'initial determination' in the regulation [20 C.F.R. § 404.902]. Thus, while it involves agency action, it is not an initial determination by the Commissioner subject to administrative or judicial review.") (emphasis in original; citation omitted), *report and recommendation adopted*, No. 2:18CV534, 2019 WL 4016208 (E.D. Va. Aug. 26, 2019); *Ross v. Colvin*, No. CIV. DKC 14-2967, 2015 WL 4622393, at *5 (D. Md. July 29, 2015) ("To the extent that Plaintiffs challenge the SSA's withholding of a portion of their monthly [retirement] benefits, this administrative action is not an initial determination subject to judicial review."), *report and recommendation adopted*, No. CIV.A. DKC 14-2967, 2015 WL 5091919 (D. Md. Aug. 27, 2015), *aff'd*, 633 F. App'x 188 (4th Cir. 2016); *Taylor v. Soc. Sec.*, No. 4:12-CV-39, 2013 WL 1098145, at *4 (E.D. Va. Feb. 4, 2013) ("[W]ithholding a claimant's monthly [retirement] benefit, even if it is the full amount, to recover an overpayment is not an 'initial determination' that is subject to the administrative review process and judicial review."), *report and recommendation adopted*, No. 4:12CV39, 2013 WL 1098103 (E.D. Va. Mar. 14, 2013), *aff'd*, 528 F. App'x 375 (4th Cir. 2013).

### *B. Analysis of Plaintiff's Complaint*

Liberally construing Plaintiff's complaint, she is only claiming that the SSA violated her right to due process by withholding a portion of her benefit payments prior to affording her a "hearing or conference." She is not seeking judicial review of the overpayment determination or the denial of any waiver request in this action.

Plaintiff indicates that an ALJ decided in connection with an earlier overpayment dispute that "it was wrong to have withheld from my SSI payments while appeal was in progress (SI 02260.001A.4) by the Administration." (Filing 1) This presumably is intended as a reference to a section of the Programs Operations Manual System which provides: "A request for waiver stops recovery or adjustment effective with the month we receive the

written waiver request. We do not resume recovery or adjustment until we make the waiver determination and the [60-day] appeal period has expired." POMS, § SI 02260.001A.4.

In this case, Plaintiff does not allege that she filed a waiver request, which is a prerequisite for obtaining a personal conference at which she could present her case and, if unsuccessful, following which she could file a request for reconsideration; nor does Plaintiff allege that she filed a request for reconsideration of the overpayment determination.[4] Plaintiff merely states that she "filed a timely appeal with the Appeals Council," which is the final step in the administrative review process. *See* 20 C.F.R. § 416.1400.

Section 205(h) of the Social Security Act provides, in part: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under [Title II]." 42 U.S.C. § 405(h). This provision, which bars general federal question claims (28 U.S.C. § 1331) and claims under the Federal Tort Claims Act (28 U.S.C. § 1346(b)), also applies to claims arising under Title XVI of the Social Security Act. *See* 42 U.S.C. § 1383(c)(3).

The method for obtaining judicial review of claims arising under the Social Security Act is set forth in § 205(g), which provides, in part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action commenced [in federal district court] within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). By its terms, this section does not apply in this case because Plaintiff is not seeking judicial review of a "final decision of the Commissioner ... made after a hearing."

---

[4] As explained above, Plaintiff would be entitled to a reconsideration the facts of the overpayment if she submitted a request within 60 days of the overpayment notice, and she would also have the right to appeal the denial of a waiver request by submitting a request for reconsideration within 60 days of the denial notice. In either case, it is the SSA's policy that an overpayment will not be recouped by withholding amounts from benefit payments before a reconsideration determination is made.

In this case, there was no hearing before the SSA decided to adjust Plaintiff's benefits in order to recover the overpayment, and, as discussed previously, such decision was not subject to administrative review under the SSA's regulations. "Although the [Social Security] Act does not define the term 'final decision,' the applicable regulations provide that a final determination of the Commissioner begins as an 'initial determination,' ...." *Taylor*, 2013 WL 1098145, at *4 (quoting *Speas-Webb v. United States*, No. 1:09CV59, 2010 WL 3703687, at *2 (M.D.N.C. Sept. 16, 2010)). "Without an 'initial determination' by the SSA ..., there can be no 'final decision' by the Commissioner that would allow this Court to exercise subject-matter jurisdiction pursuant to 42 U.S.C. § 405(g)." *Id.* (recommending dismissal for lack of subject matter jurisdiction where plaintiff only challenged SSA's decision to withhold 100% of his monthly retirement benefits to recover uncontested overpayment). *But see Bronstein v. Apfel*, 158 F. Supp. 2d 1208, 1214 (D. Colo. 2001) (finding that the court had subject matter jurisdiction under § 205(g) because "the 'final decision' at issue in this case is the SSA's decision to begin recouping the alleged overpayment [of SSI benefits] to Mr. Bronstein without providing an opportunity for a prerecoupment hearing, or in this case even making a prerecoupment determination, on his requests for reconsideration and/or waiver of recovery of the alleged overpayment.").

If jurisdiction is not available under § 205(g), the district court may also review the Commissioner's decision if the plaintiff alleges a colorable claim of unconstitutionality. *Boock v. Shalala*, 48 F.3d 348, 351 (8th Cir. 1995) (citing *Califano v. Sanders*, 430 U.S. 99, 109 (1977)). To be colorable, a claim must have "some possible validity," *Bremer v. Johnson*, 834 F.3d 925, 932 (8th Cir. 2016), or contain "some merit," *Thorbus v. Bowen*, 848 F.2d 901, 903 (8th Cir. 1988). "A constitutional claim is colorable if it is not wholly insubstantial, immaterial, or frivolous." *Boettcher v. Sec'y of Health & Human Servs.*, 759 F.2d 719, 722 (9th Cir.1985) (cited with approval in *Thorbus*).

Here, is alleged that "Defendant has and continues to violate Plaintiff's constitutional right to due process in the matter of Plaintiff's SSI payments" because "Defendant is in part withholding in order to pay itself back on a charge against Plaintiff of 'overpayment' even though "[t]he alleged 'overpayment' matter has not been heard in a conference or hearing." (Filing 1) Plaintiff's allegation that a hearing on the overpayment was not held before recoupment began might be sufficient to state a procedural due process claim that has "some possible validity," such that the court can exercise subject matter jurisdiction, but it does not

"nudge the claim across the line from conceivable to plausible," which is the standard for stating a claim upon which relief may be granted. *See Boock*, 48 F.3d at 353 (stating that district court should have dismissed plaintiff's constitutional claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6), rather than for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), because "[a]lthough clearly meritless, these claims were probably not so patently frivolous as to fail to confer jurisdiction upon the district court.").

Plaintiff does not claim that the procedures the SSA has established for providing prerecoupment conferences and hearings are constitutionally inadequate. Thus, if Plaintiff did not avail herself of the opportunity to present her case prior to the withholding action, then, absent some other consideration, there could be no due process violation. "Due process, at its heart, requires only the *opportunity* to be heard at a meaningful time and in a meaningful manner." *Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 935 (8th Cir. 2016) (emphasis supplied; internal quotation makes and citations omitted).

If, on the other hand, Plaintiff did make a timely request for reconsideration of the initial overpayment determination, or a request for a waiver of the overpayment, and the SSA failed to adhere to its policies by withholding amounts from Plaintiff's monthly benefit payments before she could be heard on the matter, then a procedural due process claim becomes plausible. *See, e.g., Deuschel v. Barnhart*, No. S-03-2072 GEBGGHPS, 2004 WL 5542429, at *6-7 (E.D. Cal. July 19, 2004) (recommending that plaintiff's procedural due process claim against SSA Commissioner, in her official capacity, be permitted to proceed where recoupment of overpayment allegedly started before any decision was made on plaintiff's requests for reconsideration and waiver).

The court, on its own motion, will give Plaintiff an opportunity to file an amended complaint which states a claim upon which relief may be granted. In the amended complaint, Plaintiff should state, at a minimum, (1) the date on which she received notice of the overpayment, (2) if Plaintiff requested a reconsideration or waiver of the overpayment, the date of the request and whether it was oral or written, (3) the date and nature of the SSA's response to any such request made by Plaintiff, (4) the date on which the withholding of benefits began. If there were any conferences or hearings held, Plaintiff should describe those and also describe any appeals she filed, including all applicable dates. If available, copies of all relevant paperwork should be attached to the amended complaint.

IV.  CONCLUSION

Plaintiff's complaint fails to state a claim upon which relief may be granted, and is therefore subject to dismissal on initial review. However, the court on its own motion will grant Plaintiff leave to file an amended complaint.

If an amended complaint is filed within 30 days, the court will then conduct another initial review pursuant to 28 U.S.C. § 1915(e)(2). But if an amended complaint is not filed within 30 days, this action may be dismissed without further notice to Plaintiff.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for leave to proceed in forma pauperis (Filing 2) is granted, and the complaint shall be filed without payment of fees.

2. On the court's own motion, Plaintiff shall have 30 days in which to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within 30 days will result in the court dismissing the case without further notice to Plaintiff.

3. The clerk of the court is directed to set the following pro se case management deadline in each case: October 9, 2019: check for amended complaint.

DATED this 9th day of September, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge