IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RUTH RICHTER, | ) | 8:19CV340 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION | ) | |
| and ANDREW M. SAUL, Commissioner, | ) | |
| | ) | |
| Defendants. | ) | |

On September 9, 2019, the court ordered Plaintiff to file an amended complaint within 30 days or face dismissal of this action. (Filing 7) On October 18, 2019, finding that Plaintiff had not filed an amended complaint or taken any other action in this matter, the court entered an order and a judgment dismissing the action without prejudice. (Filings 8, 9)

On October 25, 2019, Plaintiff filed an "Objection to October 18, 2019 Judgment," in which she "denies receiving a 'September 9, 2019' court order to file an amended complaint withing 30 days. (Filing 10) The court construes Plaintiff's filing either as a motion to alter or amend judgment, filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, or as a motion for relief from judgment, filed pursuant to Rule 60(b).[1]

The court's docket sheet contains an entry showing that the clerk of the court mailed a copy of the September 9, 2019 order to Plaintiff on that date. *See* Fed. R. Civ. P. 77(d)(1) ("Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket."). Service of an order can be made under Rule 5(b) by "mailing it to the person's last known address—in which event service is complete upon

---

[1] The fact that Plaintiff simultaneously filed a notice of appeal (Filing 11) does not deprive the court of jurisdiction to rule on the motion. *See Smith v. Missouri*, 804 F.3d 919 (8th Cir. 2015) (per curiam); Fed. R. App. P. 4(a)(4)(A)(iv),(vi) & (B)(i).

mailing." Fed. R. Civ. P. 5(b)(2)(C). Service was accomplished in this manner because Plaintiff is not a registered user of the court's electronic case filing system. *See* NEGenR 1.3(a)(2)(B) ("The clerk mails paper copies of orders to parties who are not registered users of the System."). The court has no record of the September 9, 2019 mailing being returned to the clerk of the court as undeliverable. Notice by regular mail is presumed to be delivered. *Diaz v. Lynch*, 824 F.3d 758, 760 (8th Cir. 2016).

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Rule 60(b) provides that a judgment may be set aside, *inter alia*, for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1),(6).

Plaintiff's contention that she did not receive the court's mailing is best analyzed as a claim of "excusable neglect," which is "an elastic concept that empowers courts to provide relief where a party's failure to meet a deadline is caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Kurka v. Iowa City*, 628 F.3d 953, 959 (8th Cir. 2010) (quotation marks and citation omitted). To determine whether conduct is excusable, courts consider several factors, including: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant. *Freeman v. Wyeth*, 764 F.3d 806, 809 (8th Cir. 2014). The reason for the delay is a key factor in the analysis, but the excusable neglect inquiry is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. *Id.*

Considering that Plaintiff's in forma pauperis complaint was dismissed "without prejudice" on initial review (prior to service of process), and that Plaintiff promptly objected after receiving a copy of the court's judgment, the court will accept Plaintiff's representation that she did not receive a copy of the court's September 9, 2019 order, and will set aside the judgment. Plaintiff will be given an additional 30 days to file an amended complaint that states a claim upon which relief may be granted. If an amended complaint is filed within 30 days, the court will then conduct another initial review pursuant to 28 U.S.C. § 1915(e)(2).

But if an amended complaint is not filed within 30 days, this action may be dismissed without further notice to Plaintiff.

IT IS THEREFORE ORDERED:

1. Plaintiff's "Objection to October 18, 2019 Judgment" (Filing 10), treated as a motion filed pursuant to Rule 59(e) or Rule 60(b), is granted.

2. The court's memorandum and order entered on October 18, 2019 (Filing 8) is withdrawn.

3. The court's judgment entered on October 18, 2019 (Filing 9) is set aside and vacated.

4. The clerk of the court shall not process Plaintiff's notice of appeal (Filing 11).

5. The clerk of the court shall send Plaintiff another copy of the court's memorandum and order entered on September 9, 2019 (Filing 7), along with a copy of this memorandum and order.

6. Plaintiff shall have 30 days in which to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within 30 days will result in the court dismissing the case without further notice to Plaintiff.

7. The clerk of the court is directed to set the following pro se case management deadline: November 27, 2019: check for amended complaint.

DATED this 28th day of October, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge