IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RUTH RICHTER,

    Plaintiff,

vs.

SOCIAL SECURITY ADMINISTRATION, and ANDREW M. SAUL, Commissioner of Social Security Administration;

    Defendants.

8:19CV340

MEMORANDUM AND ORDER

Plaintiff, Ruth Richter, proceeding pro se, filed this case on August 5, 2019, and was granted leave to proceed in forma pauperis. The court conducted an initial review of Plaintiff's Complaint (Filing 1) and entered a Memorandum and Order on September 9, 2019 (Filing 7), finding that Plaintiff had failed to state a claim upon which relief may be granted. The court on its own motion gave Plaintiff 30 days to file an amended complaint. When Plaintiff failed to do so, the court dismissed the action without prejudice. However, the judgment of dismissal was withdrawn on October 28, 2019, after Plaintiff indicated she had not received the court's mailing. Plaintiff's Amended Complaint (Filing 14) was timely filed on November 18, 2019 and will now be reviewed by the court to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.* at 849 (internal quotation marks and citations omitted).

## II. DISCUSSION

Plaintiff claims the Social Security Administration ("SSA") has wrongfully been withholding a portion of her monthly Supplemental Security Income ("SSI") benefits because of alleged overpayments. Plaintiff alleges in her Complaint:

> Defendant has and continues to violate Plaintiff's constitutional right to due process in the matter of Plaintiff's SSI payments which Defendant is in part withholding in order to pay itself back on a charge against Plaintiff of "overpayment." The alleged "overpayment" matter has not been heard in a conference or hearing. This is the second time Defendant has withheld a portion of Plaintiff's SSI on an "overpayment" charge without being heard first. First time was in 2016 into 2017. Now dates are 2018 into 2019. It should be noted this time Plaintiff filed a timely appeal with the Appeals Council—and with appeal ongoing the Defendant is once again wrongly withholding partial SSI monthly payment to me. In 2017 an ALJ in her fully favorable decision to Plaintiff determined it was wrong to have withheld from my SSI payments while appeal was in progress (SI 02260.001A.4) by the Administration. Plaintiff did get those

> withholdings back in 2017 but like now Plaintiff's payments should not
> have been withheld while case was still open.

(Filing 1) In a supplemental filing, Plaintiff requests "a court order to restore Plaintiff's full amount SSI benefits immediately and to immediately be paid for the SSI benefits she was denied by Defendant." (Filing 6)

Liberally construing Plaintiff's Complaint, she is only claiming that the SSA violated her right to due process by withholding a portion of her benefit payments prior to affording her a "conference or hearing." As the court explained in its previous Memorandum and Order, a plausible due process claim could exist if (1) Plaintiff made a timely request for reconsideration of the overpayment decision, *see* 20 C.F.R. § 416.1409, or a request for a waiver of the overpayment, *see* 20 C.F.R. § 416.550; 42 U.S.C. § 1383(b)(1)(B), and (2) the SSA failed to adhere to its policies by withholding amounts from Plaintiff's monthly benefit payments before she could be heard on the matter. The court therefore directed that in any amended complaint,

> Plaintiff should state, at a minimum, (1) the date on which she received notice of the overpayment, (2) if Plaintiff requested a reconsideration or waiver of the overpayment, the date of the request and whether it was oral or written, (3) the date and nature of the SSA's response to any such request made by Plaintiff, (4) the date on which the withholding of benefits began. If there were any conferences or hearings held, Plaintiff should describe those and also describe any appeals she filed, including all applicable dates. If available, copies of all relevant paperwork should be attached to the amended complaint.

(Filing 7, pp. 10-11.)

In her Amended Complaint, Plaintiff alleges (1) she received notice of the overpayment on July 6, 2018, (2) she mailed a request for reconsideration form to the SSA's district office on July 16, 2018, (3) the SSA scheduled a formal conference to be held on October 12, 2018, and (4) withholding of benefits began on August 1, 2019, "while appeal is still going on with Appeals Council." (Filing 14, p. 4.) Plaintiff alleges she was unable to attend the October 12, 2018 formal conference because of a "medical crisis," which she notified the SSA district office of

beforehand. (*Ibid*.) Plaintiff also alleges she subsequently (in "early" November, but possibly the 18th or 20th) filed a request for a hearing before an administrative law judge ("ALJ"), and that a hearing was scheduled for March 6, 2019. (*Ibid*.) Plaintiff alleges she requested a postponement for good cause after receiving an amended notice of hearing date February 12, 2019, which stated that the ALJ "had other new to [Plaintiff] issues (SSI) that he intended to bring up at the hearing." (*Ibid*., p. 5.) Plaintiff alleges she did not receive a response to her request, but was notified on March 15, 2019, that her case was dismissed "because [she] failed to show." (*Ibid*.) Finally, Plaintiff alleges she filed an appeal with the Appeals Council on April 9, 2019, which "is still on tap." (*Ibid*., p. 8.) No documentation is attached to the Amended Complaint.

Accepting as true the factual allegations contained in Plaintiff's Complaint (Filing 1), Supplement (Filing 6), and Amended Complaint (Filing 14),[1] and giving Plaintiff the benefit of all reasonable inferences that can be drawn from those allegations, *see Tovar v. Essentia Health*, 857 F.3d 771, 774 (8th Cir. 2017) (stating Rule 12(b)(6) standard of review), the court tentatively finds that Plaintiff has stated a plausible claim for relief under the federal mandamus statute, 28 U.S.C. § 1361. *See Mitchael v. Colvin*, 809 F.3d 1050, 1054 (8th Cir. 2016) (federal courts have jurisdiction under 28 U.S.C. § 1361 to consider challenges to the procedures used in administering Social Security benefits).[2]

The court therefore will allow the case to proceed to service of process. When originally filed, the case was erroneously docketed as a Social Security appeal and a

---

[1] The court considers the Amended Complaint (Filing 14) as supplementing, rather than superseding, the prior pleadings (Filings 1, 6). *See* NECivR 15.1(c).

[2] There is not a "final decision of the Commissioner of Social Security made after a hearing" which is subject to judicial review under 42 U.S.C. § 405(g). Nor can Plaintiff maintain a *Bivens* action or obtain relief under the Administrative Procedure Act. *See Richter v. U.S. Soc. Sec. Admin*., No. 8:17CV155, 2018 WL 1385909 (D. Neb. Feb. 26, 2018), *reconsideration denied*, No. 8:17CV155, 2018 WL 1383179 (D. Neb. Mar. 19, 2018), and *aff'd sub nom. Richter v. Comm'r, Soc. Sec. Admin.*, 741 F. App'x 354 (8th Cir. 2018).

copy of General Order No. 2015-05 was placed on file. (Filing 3.) That filing will be stricken, and the case will instead be subject to General Order No. 2016-02, *In re the Management and Assignment of Pro Se Cases*.

IT IS THEREFORE ORDERED:

1. The clerk of the court is directed to complete three (3) summons forms and USM-285 forms for service upon Defendants at the following addresses:

    a. Office of the Regional Chief Counsel, Region VI
       Social Security Administration
       Attn: Civil Process Clerk
       1301 Young Street, Ste. A702
       Dallas, TX 75202-5433

    b. United States Attorney General
       Attn: Civil Process Clerk
       U.S. Department of Justice
       950 Pennsylvania Avenue, NW
       Washington, DC 20530-0001

    c. United States Attorney's Office
       Attn: Civil Process Clerk
       1620 Dodge St., Suite 1400
       Omaha, NE 68102-1506

2. The clerk shall forward the completed forms to the Marshals Service,[1] together with three (3) copies of:

    a. Plaintiff's Complaint (Filing 1);
    b. Plaintiff's Supplement (Filing 6);

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

  c. Plaintiff's Amended Complaint (Filing 14);
  d. September 9, 2019 Memorandum and Order (Filing 7), and
  e. This Memorandum and Order.

 3. The Marshals Service shall serve Defendants at the above-listed addresses by certified mail or any other method authorized by Federal Rule of Civil Procedure 4.

 4. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

 5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

 6. The clerk of the court shall strike Filing 3 (General Order No. 2015-05, *In the Matter of Procedures for Social Security Cases*) and, in substitution thereof, shall file (and serve on Plaintiff) General Order No. 2016-02, *In re the Management and Assignment of Pro Se Cases*.

 Dated this 23rd day of January, 2020.

           BY THE COURT:

           *Richard G Kopf*

           Richard G. Kopf
           Senior United States District Judge